105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin TURNER, Plaintiff-Appellant,
v.
IMPERIAL STORES; Christopher B. Wardrup, Defendants-Appellees.
 No. 95-56319.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Dec. 23, 1996.
 
 Before: FARRIS, BEEZER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the denial of a motion for leave to amend a complaint for abuse of discretion. Maljack Products Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996). We review a grant of summary judgment de novo, determining whether there is a disputed issue of material fact. Bagdadi v. Nazar, 84 F.3d 1194, 1997 (9th Cir.1996). We have jurisdiction under 28 USC § 1291.
 
 
 3
 Robin Turner moved for leave to amend her complaint against Imperial Stores, nearly five months after the cutoff date for such amendments fixed in a Rule 16(b) scheduling order. The district court construed the motion as one for amendment of the scheduling order, and denied it.
 
 
 4
 A Rule 16(b) schedule "shall not be modified except upon a showing of good cause." FRCP 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). This standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. To show good cause, Turner explained that another attorney working with her attorneys had made unauthorized changes to her complaint before filing it and that other parts of the complaint had been deleted prior to filing, "presumably by [the] word processing staff." These changes and deletions went unnoticed until seven months after her complaint was filed, because Turner's attorneys did not read it until then.
 
 
 5
 The trial court concluded that these "errors and oversights amount[ed] to a significant lack of diligence on [Turner's] part." This conclusion was not error. "[C]arelessness is not compatible with a finding of diligence and offers no basis for a grant of relief." Id. Because Turner was not diligent, she could not show good cause. Id. The court acted within its discretion in denying the motion for leave to amend.
 
 
 6
 The district court then granted summary judgment for Imperial on Turner's defamation claim. The court ruled that Imperial had presented evidence that it did not publish any statements about Turner, and Turner had presented no contrary evidence. Under California law, publication is an element of defamation. Cal.Civ.Code § 46.
 
 
 7
 Regarding publication, Turner alleged that Imperial "told subsequent potential employers of plaintiffs that plaintiffs [sic] was terminated because she was an incompetent and untrustworthy manager." Imperial introduced evidence that it had never communicated with Turner's potential employers. In response, Turner speculated about one instance when Imperial may have been contacted by a potential employer, but admitted that she had no personal knowledge of any such communication. This speculation was not enough to create a disputed issue as to publication.
 
 
 8
 Turner also introduced evidence supporting a different theory of publication. When evidence supporting a legal theory outside the scope of the complaint is introduced in opposition to a motion for summary judgment, the court construes it as a request to amend the complaint. Apache Survival Coalition v. United States, 21 F.3d 895, 910 (9th Cir.1994). When such an amendment would require modification of a pretrial scheduling order, the standards of Rule 16 govern whether amendment is allowed. Eagle v. American Telephone and Telegraph Co., 769 F.2d 541, 548 (9th Cir.1985), cert. denied, 475 U.S. 1084 (1986).
 
 
 9
 The district court found that Turner did not meet the Rule 16 standard for modification of the schedule, so amendment was not allowed. The evidence was not relevant to publication as alleged in Turner's complaint. No other evidence contradicted Imperial's evidence that there was no publication. Granting summary judgment on Turner's defamation claim was not error.
 
 
 10
 The district court also granted summary judgment for Imperial on Turner's sex discrimination claim, ruling that Turner had not exhausted her administrative remedies. Exhaustion with the Equal Employment Opportunity Commission is required before a plaintiff may file a discrimination action. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990); Commodore Home Systems, Inc. v. Superior Court, 649 P.2d 912, 915 (Cal.1982).
 
 
 11
 Turner filed a discrimination claim with the EEOC, but did not allege sex discrimination. The EEOC "Charge of Discrimination" form that Turner signed refers only to racial discrimination:
 
 
 12
 I believe I was discriminated against by being discharged because of my race, Black, in violation of Title VII of the Civil Rights Act, as amended.
 
 
 13
 Additionally, in the section of the form captioned "Cause of Discrimination Based On (Check appropriate box(es))," Turner checked the "Race" box but not the "Sex" box.
 
 
 14
 Turner now argues that the EEOC form she signed does not control, because she told the EEOC investigator about sexual harassment that is not reflected in the form. This argument fails under Stallcop v. Kaiser Foundation Hospital, 820 F.2d 1044, 1050-51 (9th Cir.), cert. denied, 484 U.S. 986 (1987). Granting summary judgment on Turner's sex discrimination claim was not error.
 
 
 15
 Finally, Turner argues that the district court erred in failing to remand two of her claims to state court. One of those claims had not been raised in Turner's complaint, and the court had already granted summary judgment on the other when Turner requested remand. The district court could not remand claims that were not before it.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3