**Stamatina STALLCOP,**
**Plaintiff-Appellant,**

v.

**KAISER FOUNDATION HOSPITALS;**
**the Permanente Medical Group, Inc.;**
**Hospital & Institutional Workers Union, Local 250, Defendant-Appellee.**

No. 86–2343.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1987.

Decided June 23, 1987.

Segundo Unpingco, San Jose, Cal., for plaintiff-appellant.

Morton H. Orenstein, Allen M. Kato, and Stewart Weinberg, San Francisco, Cal., for defendants-appellees.

Before HUG, NELSON and NOONAN, Circuit Judges.

HUG, Circuit Judge:

Stallcop filed a complaint in state court against Kaiser Foundation Hospitals and Permanente Medical Group ("Kaiser"), her former employers, alleging wrongful discharge, fraudulent misrepresentation, intentional and negligent infliction of emotional distress, and violations of California equal employment laws. She also alleged a cause of action against her former union for breach of the duty of fair representation.

Following removal to federal district court, Stallcop's claim against the union was dismissed and Kaiser's motion for summary judgment on the remaining claims was granted. The district court found that all of Stallcop's claims, except that of violation of California equal employment laws, were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (1982). The district court then found that the relevant six-month statute of limitations had run on these section 301 claims, and that this time bar was not overcome by equitable considerations. Stallcop's age and sex discrimination claims under California law were dismissed for failure to exhaust administrative remedies. Summary judgment was granted to Kaiser on Stallcop's national origin claim because she failed to establish a prima facie case.

The issues we address are: (1) whether the case was properly removed to federal court; (2) whether the wrongful discharge,

fraudulent misrepresentation, and emotional distress claims are preempted by section 301; (3) whether the statute of limitations should be equitably modified; and (4) whether granting summary judgment to the defendants on the California discrimination claims was proper.

We affirm the district court's judgment.

## I.

### FACTS

Throughout her employment with Kaiser, Stallcop was a member of the Hospital & Institutional Workers Union, Local 250 ("the Union"), which had an exclusive collective bargaining agreement with Kaiser.

Stallcop was first terminated on May 7, 1984, after receiving three letters of warning from her supervisor concerning poor work performance. She was reinstated on July 11, 1984 pursuant to a reinstatement agreement negotiated between her, the Union, and Kaiser. This written agreement required Stallcop to show "substantial improvement" in her work.

After her reinstatement, Stallcop again received notices of her inadequate job performance. Stallcop alleges that she was assigned additional work responsibilities in violation of an oral agreement in connection with the written reinstatement agreement. Stallcop was then terminated a second time on November 27, 1984, for unsatisfactory work performance.

Stallcop again challenged her termination. The Union represented her through Step 3 of the grievance procedure. On March 12, 1985, the Union sent Stallcop a letter telling her it would proceed no further with her case. Stallcop alleges that DeMello, a union business representative, told her she had one year in which to sue.

On March 22, 1985, Stallcop filed a complaint against the Union and Kaiser with the NLRB. It was denied April 15, 1985. On April 8, 1985, Stallcop filed a discrimination charge against Kaiser with the California Department of Fair Employment and Housing ("DFEH"), alleging she was terminated due to her Greek national origin.

In August 1985, Stallcop received a "Notice of Closure" from the DFEH, informing her that the allegation of discrimination could not be sustained, and giving her notice of the right to sue.

In August 1985, Stallcop alleges she consulted with three different lawyers, all of whom told her the relevant statute of limitations was one year. She later consulted with other lawyers, and filed her complaint in state court on November 27, 1985. On December 20, 1985, Kaiser and the Union removed the action to federal district court.

## II.

### REMOVAL JURISDICTION

Since Stallcop did not object to removal to the district court, the relevant question is "not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972) (quoted in *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 n. 1 (9th Cir.1985)). The standard of review is therefore *de novo*. *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 538 (9th Cir.1985).

■ Federal district courts have original jurisdiction in all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1982). On the face of the complaint, Stallcop alleges that the Union breached its duty of fair representation by failing to represent her interests properly in the grievance procedure. This action against the Union for breach of the duty of fair representation must be based on federal labor law, section 8(b)(1)(A) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A) (1982). *Vaca v. Sipes*, 386 U.S. 171, 177–78, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842 (1967). Since the action "arises under" a federal law, the federal court would have had original jurisdiction over Stallcop's suit.

## III.

### PREEMPTION UNDER SECTION 301

■ Whether preemption was proper is a question of subject matter jurisdiction, reviewable *de novo*. *Mobil Oil Corp.*, 772 F.2d at 538.

Stallcop's first four causes of action appear on their face to present only state law claims—wrongful discharge, fraudulent misrepresentation, and intentional and negligent infliction of emotional distress. The district court found, however, that federal jurisdiction existed because these claims were preempted by section 301 of the LMRA.[1]

■ The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement.[2] *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1982); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). All that is required for a cause of action to exist under section 301 is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit be focused upon and governed by the terms of the contract. *Painting and Decorating Contractors Ass'n v. Painters and Decorators Joint Comm.*, 707 F.2d 1067, 1071 (9th Cir.1983), *cert. denied*, 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (1984), *cited in Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 935 (9th Cir.), *cert. granted*, —— U.S. ——, 107 S.Ct. 455, 93 L.Ed.2d 401 (1986).

### A. *Wrongful Discharge*

■ Stallcop's first cause of action is for wrongful discharge in violation of her employment agreement and of her oral agreement with Kaiser when she was reinstated after her initial discharge. Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive under the "artful pleading" doctrine. Under this doctrine, the court may investigate the true nature of the plaintiff's allegations; if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted. *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1473 (9th Cir.1984), *cited in Williams*, 786 F.2d at 931 n. 1. Stallcop was, in fact, subject to a collective bargaining agreement, and the claim based upon it is preempted by section 301. *See Franchise Tax Board*, 463 U.S. at 23, 103 S.Ct. at 2853; *Fristoe*, 615 F.2d at 1212.

Stallcop contends that the wrongful termination alleged does not involve the interpretation of the collective bargaining agreement. Although the argument is not clearly made, she apparently contends that she was wrongfully discharged in violation of the oral agreement in connection with her reinstatement, and that this agreement is not part of the collective bargaining agreement. However, "any independent agreement of employment could be effective only as part of the collective bargaining agreement." *Olguin*, 740 F.2d at 1474. *Accord Bale v. General Telephone Co. of California*, 795 F.2d 775, 779 (9th Cir. 1986); *cf. Williams*, 786 F.2d at 935–36 &

---

**1.** Section 301 of the LMRA, 29 U.S.C. § 185(a), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

**2.** Stallcop contends that her claims could not be preempted because no federal remedy exists for her grievances, since they are barred by the statute of limitations. This argument is misdi-

rected. The point is that federal law would provide her a remedy, had she complied with its procedural requirements. It would be anomalous to allow the preemption of actions based upon section 301 for the first six months after the action accrued, but prevent such preemption after that time. *Cf. Harper*, 764 F.2d at 669 (complaint construed under "artful pleading" doctrine as arising under section 301, then held to be time-barred under *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983)).

n. 6 (contract involved was entered into outside of the collective bargaining unit).

■ Stallcop also attempts to rely on the California tort of wrongful discharge. Her complaint does not plead such an action. Furthermore, even if it did, the tort is preempted as well. The collective bargaining agreement guarantees the employer will discipline employees only upon just cause. Art. XXIX § 211. Thus, the agreement appears to provide "the same or greater protection of job security that state tort law seeks to provide for nonunionized employees; accordingly federal law preempts state law." *Olguin*, 740 F.2d at 1474. *See also Harper*, 764 F.2d at 668–69 (since the job security is the same, federal preemption jeopardizes no independent state right).

### B. *Other Causes of Action*

■ Stallcop's cause of action for fraud is based upon representations Kaiser made in connection with the reinstatement agreement. As such, the fraud action depends upon an interpretation of the collective bargaining agreement, and is preempted by section 301.[3] *Bale*, 795 F.2d at 779–80; *Fristoe*, 615 F.2d at 1211–12.

■ Stallcop's actions for intentional and negligent infliction of emotional distress grow out of her discharge. Her complaint details her receipt of letters of warning, her discharge and reinstatement, and her final discharge. Disciplinary actions and letters of warning are governed by the collective bargaining agreement. Resolution of her claims therefore necessarily en-

tails examination and interpretation of the agreement, and these claims are also preempted. *Carter v. Smith Food King*, 765 F.2d 916, 921 (9th Cir.1985); *Olguin*, 740 F.2d at 1475–76; *cf. Tellez v. Pacific Gas & Electric*, 817 F.2d 536, 539 (9th Cir.1987) (actions for intentional and negligent infliction of emotional distress not preempted since they arose from conduct not covered by the collective bargaining agreement); *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1369 n. 4 (9th Cir.1984) (same), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1986).

### C. *Once Preempted, Summary Judgment was Properly Granted Because the Claims were Time-barred*

■ Stallcop's claims are a hybrid section 301 and fair representation claim. The six-month statute of limitations for making unfair labor practice charges under the NLRA is applicable to such claims. *DelCostello*, 462 U.S. at 169–70, 103 S.Ct. at 2293. Stallcop's claims accrued in March 1985 when she received the Union's letter notifying her it would pursue her grievance no further. *Carter*, 765 F.2d at 919 n. 2. Since her complaint was not filed until November 1985, over eight months later, it is time-barred.[4]

### IV.

### EQUITABLE MODIFICATION OF THE STATUTE OF LIMITATIONS

■ Stallcop argues that the statute of limitations should be equitably modified in this case. Such modification is applicable

---

3. Stallcop also admitted in deposition that all of her claims, except for discrimination, essentially stem from the collective bargaining agreement.

4. Stallcop argues that it was inappropriate to bar her claims because they involved questions of intent or good faith, and summary judgment is rarely applicable in such situations. *See, e.g., White Motor Co. v. United States*, 372 U.S. 253, 259, 83 S.Ct. 696, 699, 9 L.Ed.2d 738 (1963). This argument is meritless. The content of her claims is immaterial to the district court's decision that they are procedurally barred.

Stallcop also argues that the preemption of her state law claims and the granting of summary judgment destroyed her right of access to the

courts, relying on *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). In *Bill Johnson*, the Supreme Court held that the NLRB may not halt the prosecution of a state court lawsuit unless the suit lacks a reasonable basis in law or fact, and has been instituted out of a retaliatory motive. *Id.* at 748–49, 103 S.Ct. at 2172–73.

*Bill Johnson* is obviously inapposite to the present case. Stallcop's case was not ordered withdrawn, totally preventing her access to the court. Her case was simply transferred to another court, where, partially on procedural grounds and partially on the merits, summary judgment was granted.

to the type of hybrid action present here. *See DelCostello,* 462 U.S. at 172, 103 S.Ct. 2294 (case remanded for district court to consider equitable tolling arguments). She believes modification is appropriate here because (1) she was not notified by the Union, Kaiser, the NLRB, or the three lawyers she originally consulted that there was a six-month statute of limitations, and (2) DeMello, a union business representative, told her she had one year in which to file suit and she reasonably relied on his representation. Stallcop's first basis cannot provide relief since none of the parties had a duty to inform her of the statute of limitations.[5] Her second contention, however, could possibly toll the limitations period.

There are two types of equitable modification, equitable tolling and equitable estoppel. Equitable tolling requires that Stallcop was excusably ignorant of the limitations period. *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981). Stallcop admitted that she consulted three lawyers within the six-month statutory period. She therefore gained the "means of knowledge" of her rights and can be charged with constructive knowledge of the law's requirements. *See Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975). Equitable estoppel focuses on the defendant's actions. There must be evidence of an improper purpose by the defendant, or of the defendant's actual or constructive knowledge that its conduct was deceptive. *Naton,* 649 F.2d at 696. Stallcop failed to provide this evidence. She also concedes that DeMello's alleged misrepresentations were not intentionally or fraudulently made, and the district court relied on this concession to hold there was no basis for the application of equitable estoppel.

Therefore, the district court correctly held that there was no factual basis for applying equitable modification to the limitations period in this case.

## V.

## SUMMARY JUDGMENT OF DISCRIMINATION CLAIMS

The district court granted summary judgment against Stallcop's claim of national origin discrimination for failure to establish a prima facie case. Stallcop's claim of sex and age discrimination under California law was dismissed because she had not exhausted her state administrative remedies. This decision should be treated as a grant of a motion for summary judgment, since matters outside the pleading were presented to, and considered by, the court. Fed.R.Civ.P. 12(b).

A grant of summary judgment is reviewed *de novo. Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). The appellate court must determine, viewing the evidence in the light most favorable to the moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

Stallcop argues that it was improper for the district court to grant summary judgment on her national origin discrimination claim. She presents no specific facts, however, which would support a prima facie case. A party opposing a motion for summary judgment must produce *"specific facts showing that there remains a genuine factual issue for trial." Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983) (quoting *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980)). Stallcop relied entirely on a supervisor's statement, a year or two prior to her terminations, that she did not "know the English language," as proof of Kaiser's discriminatory conduct. As the district court noted, ethnicity and status as a non-English speaking person are not necessarily linked. Furthermore,

5. Stallcop alleges that Kaiser, the Union, and the NLRB violated her due process rights by not notifying her about the statute of limitations. She raised this claim in the district court in her response to Kaiser's motion for summary judgment, but never raised it as a cause of action. Therefore, it is inappropriate for us to consider this claim.

derogatory ethnic statements, unless excessive and opprobrious, are insufficient to establish a case of national origin discrimination. *See Hill v. K–Mart Corp.,* 699 F.2d 776, 778 (5th Cir.1983); *Cariddi v. Kansas City Chiefs Football Club, Inc.,* 568 F.2d 87, 88 (8th Cir.1977).

■ Stallcop contends that her failure to use the specific words "age" and "sex" should not preclude her action based on age and sex discrimination. She relies on *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970). In *Sanchez,* the Fifth Circuit held that the scope of a civil action is limited to the scope of the EEOC complaint and investigation. *Id.* at 465–66. Stallcop contends that she told the DFEH investigator the totality of her employment problems at Kaiser. However, the charge Stallcop actually filed with the DFEH does not include any allegations of sex or age discrimination. Therefore, the DFEH obviously would have investigated only national origin discrimination. Thus, *Sanchez* is not controlling. As the district court held, Stallcop has not exhausted her state administrative remedies, and her action was therefore improper. Cal.Gov't Code § 12965(b) (West Supp.1987); *Commodore Home Systems, Inc. v. Superior Court,* 32 Cal.3d 211, 214, 185 Cal.Rptr. 270, 273, 649 P.2d 912, 915 (1982).

## VI.

### SANCTIONS

■ Kaiser has requested that the court award double costs and/or attorneys' fees as a sanction for frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912 (1982). Sanctions are not appropriate in this case because the law concerning the preemption of wrongful discharge claims is still developing, as evidenced by the Supreme Court's grant of certiorari in *Caterpillar, Inc. v. Williams,* — U.S. —, 107 S.Ct. 455, 93 L.Ed.2d 401 (1986).

The judgment of the district court is AFFIRMED.