956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl JOHNSON, Plaintiff-Appellant,
v.
REYNOLDS METALS CO.; William L. Dehart; Graphic
Communications Union # 2, et al., Defendants-Appellees.
 No. 90-55099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl Johnson appeals pro se the district court's dismissal of his action against his former employer and union as barred by the statute of limitations. We review de novo, Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1988), and we affirm.
 
 
 3
 Johnson contends that his action was timely because he did not receive final notice of the union's decision to withdraw his grievance until August 2, 1989, the date on which he filed his complaint. This contention lacks merit.
 
 
 4
 The six-month statute of limitations provided by section 10(b) of the National Labor Relations Act applies to Johnson's claims that his employer wrongfully discharged him and his union breached its duty to represent him fairly in the grievance process. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158 (1983). The six-month limitations period began to run when Johnson learned, or reasonably should have learned, of the union's decision to withdraw his grievance. See Zuniga v. United Can Co., 812 F.2d 443, 449 (9th Cir.1987); Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.1986).
 
 
 5
 Johnson's employment was terminated on April 21, 1988. In June 1988, Johnson filed a grievance with his union, and the union negotiated a settlement under which Johnson was to be reinstated to his job without back pay. In a letter to the union dated June 14, 1988, Johnson rejected this settlement offer. In a letter dated June 16, 1988, the union informed Johnson that: "In the event you do not accept the settlement and sign the settlement documents no later than 5:00 p.m. on June 21, 1988, the union will withdraw the grievance at that time." The letter further stated that if Johnson had any questions, he could contact the union's vice president or its attorney. Johnson did not accept the settlement offer. On June 24, 1988, the union's vice president sent Johnson a second letter, stating that "since you are rejecting the settlement, we are withdrawing your grievance." This letter was returned to the union as undeliverable, but was redelivered to another address by messenger on August 22, 1988.
 
 
 6
 Meanwhile, on July 27, 1988, Johnson had written to the union's attorney, Deane Western, to seek review of the union's handling of his grievance. On August 15, 1988, Western called Johnson and agreed to look into his case, "although indicating a lengthy time period due to contract settlements and prior commitments[.]" Johnson did not contact the union again until July 17, 1989, when he wrote to the union to inquire about Western's review of his grievance. The union responded in a letter dated August 2, 1989, and informed Johnson that it would "not make any attempt to do any settling on [his] behalf."
 
 
 7
 The district court did not err by dismissing Johnson's action as time-barred. Johnson knew or reasonably should have known of the union's decision to withdraw his grievance by August 22, 1988, when the union's second letter regarding the withdrawal of Johnson's grievance was delivered. See Zuniga, 812 F.2d at 449; Galindo, 793 F.2d at 1509. Nevertheless, Johnson did not file his complaint until August 2, 1989, almost a year later.
 
 
 8
 Johnson asserts that the letter of August 22, 1988 also was sent to the wrong address, and thus he argues that he did not receive final notice of the union's decision to withdraw his grievance until August 2, 1989. This argument is not supported by the record. Even if Johnson did not receive the August 22, 1988 letter, he did receive the union's letter of June 16, 1988, which notified him that his grievance would be withdrawn if he did not accept the settlement offer. Moreover, on August 15, 1988, the same date on which Johnson spoke with Western, Johnson filed a charge with the National Labor Relations Board alleging that the union had breached its duty of fair representation by failing to process properly his grievance. Thus, Johnson's own actions support the conclusion that as of August 1988, he knew or reasonably should have known that the union had withdrawn his grievance. See id.
 
 
 9
 Nor does Johnson present any basis upon which the statute of limitations could be tolled. Johnson's allegation that he did not file suit because he was waiting to hear from Western does not entitle him to equitable tolling of the statute of limitations. See Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir.) (statute of limitations will be tolled only if employee shows that he has relied on misrepresentations regarding his rights and that he was "excusably ignorant" of the limitations period), cert. denied, 484 U.S. 986 (1987); cf. Metz v. Tootsie Roll Indus. Inc., 715 F.2d 299, 304 (7th Cir.1983) (grievant must exercise reasonable diligence in determining whether union is pursuing a grievance; he "cannot be allowed to sit back and claim lack of notice"), cert. denied, 464 U.S. 1070 (1984). Finally, Johnson's arguments that the statute of limitations should be tolled because the union (1) fraudulently concealed the status of his personnel record and (2) breached a fiduciary duty it owed to him lack merit. Therefore, we affirm the district court's judgment dismissing Johnson's action as time-barred.
 
 
 10
 The appellees seek monetary sanctions against Johnson for bringing this appeal. We conclude that sanctions are not appropriate. Accordingly, the appellees' request for an award of attorneys' fees and costs is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3