24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sabah AL-HADAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; Trustees of California State
University and Colleges; Warren NMI Baker, as President of
California Polytechnic State University; San Luis Obispo
California, Defendants-Appellees.
 No. 92-56422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided April 29, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sabah Al-Hadad appeals the district court's entry of summary judgment in favor of the State of California et al. We have jurisdiction under 28 U.S.C. Sec. 1291, review the grant of summary judgment de novo ( Stallcop v. Kaiser, 820 F.2d 1044, 1050 (9th Cir.), cert. denied, 484 U.S. 986 (1987)), and affirm.
 
 
 3
 In December of 1991 Al-Hadad sued the State of California et al., alleging violation of Title VII of the Civil Rights Act of 1964 in connection with his having been denied promotion to full professorship at California Polytechnic University, San Luis Obispo (the University), by a letter dated June 1, 1987. Al-Hadad's ethnicity is Iraqui. The 1987 denial was the fourth, the earlier three having occurred in the other three cycles in which Al-Hadad had applied for the promotion: 1978-79, 1979-80 and 1980-81.
 
 
 4
 In 1983 Al-Hadad filed a complaint with the Equal Employment Opportunity Commission (EEOC). Dismissing the complaint, the EEOC issued Al-Hadad a right-to-sue letter. Al-Hadad never sued under the letter. The facts pertaining to the earlier denials of promotion to full professorship cannot be the basis of this suit, since they would be untimely under 42 U.S.C. Sec. 2000e-5(f)(1), which requires that an aggrieved party bring an action in court within 90 days of receipt of a right-to-sue letter. "The 90 day requirement is mandatory and jurisdictional." Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989). See also Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990).
 
 
 5
 The sole question we must answer, therefore, is whether the district court properly entered summary judgment against Al-Hadad on his claim that he was discriminated against based on race during the 180 days prior to his filing his 1987 complaint with the EEOC. See 42 U.S.C. Sec. 2000e-5(e). Faliure to allege "specific facts" establishing a prima facie case of discrimination renders summary judgment proper. Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1409 (9th Cir.1987). To make out the prima facie case, the plaintiff must offer evidence that gives rise to an inference of unlawful discrimination. Id. The amount of evidence necessary to create a prima facie case is "very little." Lowe v. City of Monrovia, 775 F.2d 998, 1009 (9th Cir.1985), as amended, 784 F.2d 1407 (1986). "Normally, when such evidence has been introduced, a court should not grant summary judgment to the defendant on any ground relating to the merits." Sischo-Nownejad v. Merced Community College District, 934 F.2d 1104, 1111 (9th Cir.1991). Here, however, we find the record utterly bereft of any evidence giving rise to an inference of racial discrimination.
 
 
 6
 The crux of Al-Hadad's case is his allegation that the University impermissibly applied a "Ph.D. requirement" to him. We agree that it would have violated the University's policies to have applied such a criterion to Al-Hadad. The acceptability of Al-Hadad's degrees qua degrees was settled once and for all when he was promoted to associate professorship in 1974. But even assuming arguendo that the University did apply such a requirement to Al-Hadad, its doing so raises no inference of racial discrimination: Al-Hadad himself averred before the district court that the "Ph.D. requirement" has been applied to everyone promoted to full professorship in mathematics since 1984.
 
 
 7
 Nor has Al-Hadad made out a prima facie case under Merced, 934 F.2d at 1109 n. 7, ( see also Banerjee v. Board of Trustees of Smith College, 648 F.2d 61, 62 (1st Cir.), cert. denied, 454 U.S. 1098 (1981)). Under that test, Al-Hadad would need to produce evidence showing, inter alia, that he was competent for the promotion. We conclude, after a careful review of the record, that Al-Hadad has not produced evidence that he met the University's Criteria and Procedures for Personnel Actions for promotion to full professorship.
 
 
 8
 Because he produced no evidence raising an inference of racial discrimination, Al-Hadad has not made out the prima facie case necessary to avoid summary judgment. See Lowe, 784 F.2d at 1407; see also Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993); St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742 (1993). The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3