110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christina Jay ACKER, Plaintiff-Appellant,
Pamela Newman, Plaintiff,
v.
McCORMICK, in his/her individual and official capacity;
Judy Frigo, Deputy Warden in her individual and official
capacity; John Hayes, Administrative Assistant in his
individual and official capacity; Dale Copeland, Warden, in
his individual and official capacity; Thomas McDonald, in
his individual and official capacity; Samuel Lewis, in his
individual and official capacity; CSO Schecter, in his/her
individual and official capacity; CSO Brown, in his
individual and official capacity; SGT Murphy, in his
individual and official capacity; CPO Eitniear, in his
individual and official capacity; SGT Killman, in his/her
individual and official capacity; SGT. Hundley, in his/her
individual and official capacity; CSO Graves, in his/her
individual and official capacity, Defendants-Appellees.
 No. 96-15800.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christina Acker, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of state prison officials in her 42 U.S.C. § 1983 action alleging that prison officials denied her access to the courts by opening, reading, and tampering with her legal mail. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 An inmate alleging denial of access to the courts must show that the defendant's actions caused the inmate actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (quotations omitted).
 
 
 5
 Here, in opposition to the defendants' motion for summary judgment, Acker provided evidence that her incoming legal correspondence was stamped "inspected for contraband." Acker also provided an affidavit from a fellow inmate, Reynolds, who stated that defendant Frigo had admitted to Reynolds that Frigo had read Acker's complaints filed in various courts against Frigo and other prison officials before the complaints had been served on Frigo. In her affidavit in support of summary judgment Frigo denies that she ever read or delayed an inmate's mail.
 
 
 6
 Although Acker provided evidence creating a genuine issue as to whether her mail was opened and read, the dispute is immaterial because she did not show that the defendants' actions caused her actual injury by denying her access to the courts in a specific instance. See Anderson, 477 U.S. at 248; Sands, 886 F.2d at 1171. We do not consider Acker's claim that the defendants caused the dismissal of her Arizona Superior Court action by delaying her notice of appeal because it is raised for the first time on appeal, see Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985), and only in her reply brief, see Eberle v. City of Anaheim, 901 F.2d 814, 817 (9th Cir.1990).
 
 
 7
 Acker's contention that the defendants conspired to tamper with her legal mail and deprive her of a functional grievance system fails because she did not show that any actual deprivation of her constitutional rights resulted from the alleged conspiracy. See Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989).
 
 
 8
 We do not consider Acker's retaliation claim because it was raised for the first time in her response to the defendants' motion for summary judgment, but never raised as a cause of action. See Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 n. 5 (9th Cir.1987). Acker's contention that we should nonetheless exercise our discretion to address her claim lacks merit because review is not necessary to prevent a miscarriage of justice and her retaliation claim does not present a pure issue of law. See Bolker, 760 F.2d at 1042.
 
 
 9
 Accordingly, the district court did not err by granting summary judgment in favor of the defendants. See Bagdadi, 84 F.3d at 1197.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3