**William G. MAYJOR, Plaintiff—Appellant,**

v.

**HARRAH'S LAS VEGAS, INC., Defendant—Appellee.**

No. 04–15600.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 23, 2005.*

Decided April 13, 2005.

William G. Mayjor, Las Vegas, NV, pro se.

David B. Dornak, Mark J. Ricciardi, Esq., Fisher & Phillips LLP, Las Vegas, NV, for Defendant–Appellee.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

William G. Mayjor appeals pro se the district court's judgment dismissing his action alleging defendant wrongfully terminated him and blacklisted him from prospective employment in Las Vegas casinos. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the determination that Mayjor's state law claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400, 402 (9th Cir. 1990), the determination that the applicable statute of limitations bars this claim, *id.* at 403, and the grant of summary judgment, *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.1987). We review for abuse of discretion the denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). We affirm.

Because Mayjor's employment was governed by the terms of the collective bargaining agreement ("CBA") between Harrah's and the Culinary Workers' Union ("Union"), the district court properly determined that his wrongful termination

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and breach of contract claim was preempted by section 301 of the LMRA. *See Stallcop*, 820 F.2d at 1048 ("The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a[CBA]."). The district court also properly concluded that Mayjor's claim that Harrah's breached the "Bellman's Handbook Procedures" involved an "independent agreement of employment [that] could be effective only as part of the [CBA]." *See id.*

■ The district court properly concluded that Mayjor's "hybrid" action was barred because Mayjor's initial July 11, 1997 complaint was not filed within the 6-month limitations period established by section 10(b) of the National Labor Relations Act. *See Harris*, 897 F.2d at 403–04. Mayjor's deposition transcript shows his claim accrued on December 18, 1995, the date he was "informed by a Union representative that the Union would not pursue a grievance on his behalf." *See id.* at 404; *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir.1986) (statute of limitations begins to run when plaintiff knew or should have known of the alleged breach of the duty of fair representation).

Because the statute of limitations barred the entire hybrid action, *cf. DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (a plaintiff bringing a hybrid action can name as a defendant the employer, the union, or both), the district court did not abuse its discretion by denying Mayjor leave to amend to name the Union as a defendant, *see Bonin*, 59 F.3d at 845 (futility alone can justify the denial of leave to amend).

The district court also properly granted summary judgment with regard to May-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

jor's state law blacklisting claim, because he failed to provide admissible evidence that Harrah's took action to "blacklist" him. *See State of Nevada v. Eighth Judicial Dist. Court*, 118 Nev. 140, 42 P.3d 233, 241 (2002) (en banc) (per curiam).

The remaining contentions lack merit.

AFFIRMED.