MEMORANDUM **
Plaintiff Lewis Sanders appeals the district court’s grant of summary judgment in favor of Defendant Laidlaw Educational Services in his employment discrimination lawsuit. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
We review the district court’s grant of summary judgment de novo. Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004). Evidentiary rulings made in the context of summary judgment are reviewed for an abuse of discretion. Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir.2005). We review for abuse of discretion a district court’s refusal of a Federal Rule of Civil Procedure 56(f) request to permit further discovery before ruling on a summary judgment motion. Mackey v. Pioneer Nat’l Bank, 867 F.2d 520, 523 (9th Cir.1989).
First, the district court did not abuse its discretion in denying Sanders’ *523 request for a Rule 56(f) continuance. “A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.” Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir.2006). Sanders provided no such detail to the district court (or to us), but merely identified pieces of discovery yet to be obtained and depositions yet to be taken. This is entirely inadequate to justify a Rule 56(f) continuance.
Second, the district court did not err in holding that Sanders had failed to exhaust administrative remedies for his retaliation claim. Sanders did not include a claim of retaliation in either his original or amended charges before the Equal Employment Opportunity Commission. His alleged statement to the EEOC investigator regarding retaliation is insufficient to satisfy the exhaustion requirement. See Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1051 (9th Cir.1987) (refusing to hold that statements made by a plaintiff to an agency investigator could expand the charge where the charge actually filed did not include such allegations).
Finally, the district court did not abuse its discretion in disregarding statements contained in the first Jim Ferraro declaration because Ferraro’s second declaration expressly disavowed those statements. Sanders does not contest the authenticity of the second declaration and has presented no evidence to challenge the statements therein. In other words, it is uncontradicted that the first declaration contains statements that should not have-been included and were supposed to have been removed before submission.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.