FILED

**NOT FOR PUBLICATION**

MAR 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA D. HARDINE, an individual, | No. 10-56667 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05885-GAF-CW |
| v. | |
| OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, Erroneously Sued As Local 174 of the Office and Professional Employees International Union, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 14, 2012[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge.***

Pamela D. Hardine ("Hardine") appeals the district court's grant of summary judgment in her employment discrimination action under the California Fair Employment and Housing Act ("FEHA") against the Office and Professional Employees International Union ("OPEIU"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* whether state law claims are preempted under § 301. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 806 (2002). We affirm.

The district court properly concluded that section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts Hardine's state law claim because it is "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). In her complaint, Hardine's sole claim is that OPEIU "failed and refused to fairly, properly, fully, adequately or accurately provide her with quality representation in her claims against her employer." In other words, Hardine seeks to enforce duties that OPEIU owes as union representatives, namely the duty to represent her in good faith as her exclusive representative. *Adkins v. Mireles*, 526 F.3d 531, 540

***  The Honorable Robert W. Pratt, District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

(9th Cir. 2008). This claim is "founded directly on rights created by the collective bargaining agreement," which outlines OPEIU's duties to its members, including Hardine. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

The cases cited by Hardine are unpersuasive. Those cases involve employees suing their employer, not their *union*. Thus, those cases do not involve the duty of fair representation, a duty arising from the CBA and imposed on the union. Accordingly, Hardine's claim is preempted.

The district court also properly concluded that the statute of limitations renders Hardine's claim untimely. See 29 U.S.C. § 160 (b) (six-month statute of limitations for a § 301 claim). In this case, Hardine's claim based on OPEIU's alleged error in failing to represent her accrued in June 2007 when OPEIU informed Hardine that it would not continue to pursue her grievance. Hardine did not file suit against OPEIU until March 2009. Thus, her claim is untimely.

Hardine's assertion that equitable tolling should apply because she made good faith efforts to resolve the claim short of litigation by filing with the DFEH is unpersuasive. Hardine received her right to sue letter from DFEH in March 2008 but waited until March 2009 to file suit. Thus, even accepting the later March 2008 date, the statute of limitations had run prior to Hardine filing her suit against

-3-

OPEIU.  Accordingly, Hardine is not entitled to statutory tolling of the six-month

statute of limitations.

      **AFFIRMED**.

*Hardine v. Office and Prof'l Employees Int'l Union* , 10-56667

BEA, Circuit Judge, concurring:

I write separately because I would hold that the union's statutory duty of fair representation governs the issues of removal and preemption in this case, not § 301 of the Labor Management Relations Act ("LMRA"). The "statutory duty of fair representation . . . includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca*, 386 U.S. at 177. Hardine's sole claim is that the union "failed and refused to *fairly*, properly, fully, adequately or accurately provide her with quality *representation* in her claims against her employer" and "denied her *representation* and *discriminated* against her because of her race . . . and her disability." On its face, this is clearly a claim for the union's breach of its statutory duty of fair representation. Thus, the district court had subject-matter jurisdiction, and the case was properly removed to the federal district court. *See Stallcop v.Kaiser Foundation Hospitals*, 820 F.2d 1044, 1047 (9th Cir. 1987). Hardine's state law claims are also preempted by the federal duty of fair representation. *See Adkins v. Mireles*, 526 F.3d 531, 539, 541–42 (9th Cir. 2008).