BEA, Circuit Judge,
concurring:
I write separately because I would hold that the union’s statutory duty of fair representation governs the issues of removal and preemption in this case, not § 301 of the Labor Management Relations Act (“LMRA”). The “statutory duty of fair representation ... includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.” Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Hardine’s sole claim is that the union “failed and refused to fairly, *106 properly, fully, adequately or accurately provide her with quality representation in her claims against her employer” and “denied her representation and discriminated against her because of her race ... and her disability.” On its face, this is clearly a claim for the union’s breach of its statutory duty of fair representation. Thus, the district court had subject-matter jurisdiction, and the ease was properly removed to the federal district court. See Stallcop v.Kaiser Foundation Hospitals, 820 F.2d 1044, 1047 (9th Cir.1987). Hardine’s state law claims are also preempted by the federal duty of fair representation. See Adkins v. Mireles, 526 F.3d 531, 539, 541-42 (9th Cir.2008).