Filed 12/29/20  Rios v. The Regents of the University of Cal. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARTHA RIOS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Defendant and Respondent. | B291892 <br><br> (Los Angeles County Super. Ct. No. BC665103) |

APPEAL from an order of the Superior Court of Los Angeles County, Patricia Nieto, Judge.  Affirmed.

Kim H. Pearman, A Law Corporation, Kim H. Pearman, Robert L. Pearman, Garo Hagopian and Miguel Muro for Plaintiff and Appellant.

Horvitz & Levy, Bradley S. Pauley and Eric S. Boorstin; Gordon Rees Scully Mansukhani, Stephen E. Ronk, Erika L. Shao and Nicole T. Lomibao for Defendant and Respondent.

_____

Plaintiff and appellant Martha Rios (Rios) appeals an order dismissing her action against defendant and respondent The Regents of the University of California (the Regents) following the sustaining of a demurrer to Rios's second amended complaint (SAC) without leave to amend.

In this action alleging a single cause of action for harassment pursuant to the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.),[1] Rios failed to exhaust her administrative remedies by filing a timely charge with the Department of Fair Employment and Housing (DFEH), which is a statutory prerequisite to filing suit.  Therefore, the order of dismissal is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Rios quits her job and files a charge with the DFEH alleging discrimination based on her relative youth or for "unknown" reasons.*

In September 2016, after 17 years, Rios quit her job as a collections representative at UCLA Medical Center.

In February 2017, Rios filed an administrative charge with the DFEH.  In that filing, Rios asserted that "possibly [her] age and long employment" made her supervisor of the past six years, Margarita Flores (Flores), "jealous."  Rios stated:  "I believe that [Flores] was upset that at my young age I already had secured

_____

[1]     All further statutory references are to the Government Code.

2

my pension plan.[2]  [Flores] made sure to ridicule me every chance she could.  She bullied me everyday [*sic*] I was in the office.  She was unable to tell me why I went from being a good employee to being an employee who was not able to perform my job."

Rios checked boxes on the DFEH charge form to indicate that she had experienced discrimination, harassment, and retaliation because of "UNKNOWN," and declined to check boxes alleging discrimination because of her age (40 and over), sex, gender, gender identity, gender expression, or sexual orientation.

Rios's counsel requested an immediate right-to-sue letter, and on February 24, 2017, the DFEH issued a notice of case closure and right to sue notice.

2. *Rios brings suit and the Regents demur to her pleadings.*

In June 2017, Rios brought this civil action against the Regents, alleging that Flores continuously harassed her in violation of FEHA and that the harassment forced Rios to resign her position.

The Regents filed a demurrer, contending that Rios had "fail[ed] to allege any facts regarding on what basis, i.e., race, sex, disability, etc., she was harassed to maintain a FEHA harassment cause of action."

While the demurrer to the original complaint was pending, Rios filed a first amended complaint (FAC), in which she alleged that in mid-2012, while she was at a restaurant/bar during non-working hours, Flores entered the establishment and observed Rios getting an exotic dance from a female dancer.  The FAC alleged that following that incident, Flores harassed Rios on a

---

2       Rios indicated on the DFEH charge form that she was 48 years of age.

3

daily basis, such as by humiliating her during staff meetings and negatively commenting on her attire, despite the fact that Rios's co-workers wore a similar style of clothing. The FAC alleged that Flores targeted Rios due to her gender expression and sexual identity as a bisexual woman.

The Regents demurred to the FAC on the ground a FEHA plaintiff must exhaust her administrative remedies with the DFEH before bringing a civil action, and Rios's new allegations of harassment based on her sexual orientation were not set forth in her DFEH charge. The trial court agreed and sustained the demurrer to the FAC with leave to amend.

3. *After filing an amended charge with the DFEH, Rios filed the operative SAC; demurrer is sustained without leave to amend.*

In April 2018, Rios filed an amended charge with the DFEH. This charge was based on the claim that in mid-2012, Flores, her supervisor, had seen her obtain an exotic dance from a female dancer, and thereafter Flores subjected Rios to ongoing harassment causing her to quit. The amended charge stated that Rios had experienced discrimination, harassment and retaliation on account of her age, disability, gender, gender identity or gender expression, and sexual orientation.

Five days later, Rios filed the operative SAC, alleging a single cause of action for harassment by Flores that began after the 2012 lap dancing incident. Rios pled that Flores harassed her on account of her "gender expression and sexual identity as a bi-sexual woman." Rios further pled that she had complied with FEHA by filing an amended charge with the DFEH and that she had received a right-to-sue letter.

4

The Regents demurred to the SAC based on Rios's failure to satisfy FEHA's exhaustion requirement. They argued the amended DFEH charge did not relate back to Rios's initial DFEH charge, and that Rios could not cure the defect in the FAC by filing an *untimely* amended DFEH charge. The harassment claim based on sexual orientation, as pled in the SAC, was not raised in Rios's initial DFEH charge, and the harassment claim based on sexual orientation was not "like or reasonably related to" the allegations in the initial DFEH charge.

After hearing the matter, the trial court sustained the Regents' demurrer to the SAC without leave to amend. The trial court ruled that Rios failed to exhaust her administrative remedies because her original DFEH charge, which was timely, did not set forth the same claim of harassment that she pled in the operative SAC. Further, the amended DFEH charge, based on sexual orientation, did not relate back to the filing of the initial DFEH charge, which was based on a different set of facts. Thus, the amended DFEH charge, filed April 4, 2018, was untimely, because Rios's employment admittedly ended on September 23, 2016, and therefore Rios had only until September 23, 2017, to file a DFEH charge raising those issues.

Rios filed a timely notice of appeal.[3]

---

[3] Rios appealed from the trial court's order sustaining the Regents' demurrer to her SAC without leave to amend. It does not appear that the trial court entered a further order or judgment of dismissal. In September 2018, the clerk of this court issued a letter stating that "[o]rdinarily no appeal lies from an order sustaining a demurrer without leave to amend," and requested that appellant provide a copy of a dismissal order. Receiving no response, the Administrative Presiding Justice

5

## CONTENTIONS

Rios contends she has sufficiently exhausted her administrative remedies in order to state a cause of action under FEHA, and that the relation-back doctrine does apply.

## DISCUSSION

1. *Standard of appellate review.*

The sole issue before us is whether the demurrer should have been sustained on the ground that Rios failed to exhaust her administrative remedies under FEHA. Our review of the order sustaining the demurrer is de novo *(T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162 (*T.H.*), with the plaintiff bearing the burden of demonstrating that the demurrer was sustained erroneously. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

---

dismissed the appeal in November 2018. In September 2019, Rios filed a motion to recall the remittitur and reinstate the appeal, asserting that she did not receive a copy of the court's September 2018 letter. In February 2020, the Administrative Presiding Justice recalled the remittitur and reinstated the appeal. At this juncture, we deem the order sustaining the demurrer without leave to amend to incorporate an order of dismissal and will review the order on the merits. (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.)

2. *The FEHA exhaustion requirement.*

At the relevant time, an employee bringing a FEHA action was required to exhaust administrative remedies by filing an administrative charge with the DFEH within one year of the date the allegedly unlawful action occurred. (§ 12960, form. subd. (d); *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1412; see now § 12960, subd. (e) [three years to file administrative complaint]; Stats. 2019, ch. 709, § 1, eff. Jan. 1, 2020; Chin, Wiseman, Callahan & Lowe, Cal. Prac. Guide: Employment Litigation (The Rutter Group 2020) ¶ 16:260 (hereafter Chin).)

Exhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit on a statutory cause of action. (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 83.) FEHA's exhaustion requirement serves the important policy interests embodied in the statutory scheme of resolving disputes and eliminating unlawful employment practices by conciliation, easing the burden on the court system, maximizing the use of administrative agency expertise and capability to order and monitor corrective measures, and providing a more economical and less formal means of resolving the dispute. (*Ibid.*; *Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 156 (*Wills*).)

"To exhaust his or her administrative remedies as to a particular act made unlawful by [FEHA], the claim must specify that act in the administrative complaint." (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724 (*Martin*); accord, *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613 (*Okoli*).) Although the allegations of a FEHA lawsuit need not be identical to the claims previously identified in the DFEH charge, a FEHA claim cannot proceed in a

7

civil complaint unless it is " 'like or reasonably related to' " the charge submitted to the DFEH. (*Okoli*, at p. 1616.) This standard is met "where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.' " (*Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890, 897 (*Rodriguez*).) Allegations in the civil complaint "that fall outside of the scope of the administrative charge are barred for failure to exhaust." (*Ibid.*)

Thus, for example, in *Okoli*, the plaintiff filed a charge of discrimination with the DFEH in which he alleged specific instances of discrimination based on his race and national origin, but did not file a subsequent charge based on acts of retaliation by his employer. (*Okoli*, *supra*, 36 Cal.App.4th at p. 1613.) "Since Okoli's complaint added claims that *were neither like nor reasonably related to* his DFEH claim and were not likely to be uncovered in the course of a DFEH investigation, his retaliation claim [was] barred by the exhaustion of remedies doctrine." (*Id.* at p. 1617, italics added.)

Similarly, in *Martin*, the plaintiff's "theories of recovery other than age discrimination were vitiated by her failure to exhaust administrative remedies under California law." (*Martin*, *supra*, 29 Cal.App.4th at p. 1723.) The DFEH "never did learn of Martin's assertion that, in addition to the age discrimination of which she originally complained, she had been a victim of sexual harassment, retaliation, and sexual discrimination. Thus, . . . the DFEH never received the opportunity, with respect to these additional theories of violation of [FEHA], to pursue the 'vital policy interests embodied in [FEHA], i.e., the resolution of

disputes and elimination of unlawful employment practices by conciliation. [Citations.]'" (*Id.* at p. 1728.)

Likewise, in *Rodriguez, supra*, 265 F.3d at page 897, the Ninth Circuit held that a DFEH charge alleging racial discrimination did not permit plaintiff to proceed with a cause of action for disability discrimination. The court concluded plaintiff's DFEH charge that the defendant discriminated against Mexican-Americans "would not reasonably trigger an investigation into discrimination on the ground of disability." (*Ibid.*) The court explained that it would not be proper to expand the plaintiff's claim "when 'the difference between the [DFEH] charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination.'" (*Ibid.*, quoting *Okoli, supra*, 36 Cal.App.4th at p. 1615.)

Other courts have similarly held that submitting a DFEH charge of discrimination on one ground does not exhaust the plaintiff's administrative remedies so as to permit a plaintiff to proceed with a lawsuit alleging discrimination on an entirely different ground. (See, e.g., *Wills, supra*, 195 Cal.App.4th at pp. 153–154, 157 [DFEH charge asserting discrimination based on denial of family/medical leave and alleging that employer discriminated against plaintiff by refusing to reinstate her following a medical leave of absence did not permit plaintiff to proceed with FEHA causes of action alleging coworker harassment, retaliation for complaining about coworker harassment, and failure by the employer to prevent workplace harassment]; *Stallcop v. Kaiser Foundation Hospitals* (9th Cir. 1987) 820 F.2d 1044, 1047, 1051 [plaintiff's DFEH charge asserting she was terminated due to her Greek national origin did not permit a civil action for sex and age discrimination].)

9

3. *Rios's claim in her SAC that Flores harassed her on account of her gender expression and sexual identity as a bisexual woman is barred by the exhaustion of remedies doctrine.*

As indicated, in the original DFEH charge, filed in February 2017, Rios asserted that "possibly [her] age and long employment" made her supervisor, Flores, "jealous" and caused Flores to harass her. Rios stated she "believe[d] that [Flores] was upset that at my young age I already had secured my pension plan."

Rios later abandoned that theory and alleged an entirely different theory of harassment in the operative SAC. In this pleading, Rios alleged that Flores harassed her due to her "gender expression and sexual identity as a bisexual woman" after observing a female exotic dancer "on [Rios's] lap, kissing [Rios], and dancing suggestively." This theory of harassment appeared nowhere in the February 2017 DFEH charge, which, as explained below, was the sole timely DFEH charge. Thus, Rios failed to exhaust her administrative remedy with respect to the harassment claim that had its origin in the lap dance incident. In the parlance of *Okoli*, Rios's new theory of harassment based on sexual orientation was "neither like nor reasonably related to [her February 2017] DFEH [charge] and [was] not likely to be uncovered in the course of a DFEH investigation" (*Okoli, supra,* 36 Cal.App.4th at p. 1617) of Rios's claim that Flores harassed her because Flores was envious of Rios having secured a pension at a relatively young age.

The two cases on which Rios primarily relies are distinguishable. In *Sandhu v. Lockheed Missiles & Space Co.* (1994) 26 Cal.App.4th 846, 849, 858–859 (*Sandhu*), an East Indian plaintiff from Punjab, India, who filed a DFEH charge

10

asserting discrimination because of his " 'race (Asian),' " was not precluded from maintaining a FEHA action for discrimination based on national origin. The appellate court recognized " 'the difficulty, if not the impossibility of defining the term "race" as distinguished from "national origin" ' " (*id*. at p. 853), and that "there was no bright line distinction between discrimination based on ancestry or ethnicity and that based on place or national origin" (*id*. at p. 855, fn. 7). Accordingly, the court concluded that a DFEH investigation into plaintiff's claim of disparate treatment because he was " 'Asian' " likely would have extended to both race and national origin. (*Id*. at p. 859.)

Similarly, in *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060–1061, 1065 (*Baker*), a plaintiff who alleged racial discrimination in his DFEH charge was permitted to pursue related claims in his lawsuit that alleged he suffered further acts of racial harassment, racial discrimination, and retaliation for pursuing an internal grievance alleging racial discrimination.

Given the total dissimilarity between Rios's February 2017 DFEH charge and the theory of harassment that she pled in the SAC, Rios's reliance on *Sandhu* and *Baker* is unavailing. It would not be proper to expand the claim as Rios asks, when " 'the difference between the charge and the complaint is a matter of adding an entirely new basis for the alleged discrimination.' " (*Okoli, supra,* 36 Cal.App.4th at 1615.) Rios failed to exhaust her administrative remedies with respect to the allegations in the SAC that she was "target[ed] due to [her] gender expression and sexual identity as a bisexual woman," because these allegations fall outside the scope of Rios's timely DFEH charge that pled discrimination, retaliation, and harassment motivated by Flores's

11

envy that Rios "already had secured [her] pension plan" at a relatively young age.

4. *The untimely amendment of Rios's DFEH charge did not relate back to the original charge.*

As noted, in an attempt to cure her failure to exhaust, on April 4, 2018, after the trial court sustained the Regents' demurrer to the FAC with leave to file the SAC, Rios filed an amended DFEH charge. The amended DFEH charge alleged that in mid-2012, Flores had seen her obtain an exotic dance from a female dancer, leading to a course of harassment that caused Rios to resign on September 23, 2016. As the trial court ruled, the amended DFEH charge was untimely because it was filed more than one year after Rios's last day of employment. (§ 12960, form. subd. (d); *Acuna v. San Diego Gas & Electric Co.*, *supra*, 217 Cal.App.4th at p. 1412; see § 2 of the Discussion, *ante*.)

Rios's reliance on the relation back doctrine is unavailing. The relation-back doctrine is available in appropriate circumstances to render timely an otherwise untimely amendment to a DFEH charge if the amendment is " 'based on the same operative facts.' " (Chin, *supra*, at ¶ 16:263.5, italics omitted.) By way of example, in *Rodriguez*, *supra*, 265 F.3d 890, the factual allegations of the plaintiff's timely DFEH charge, which charged the employer with only race discrimination, did not "reasonably support a claim of discrimination on the basis of disability" (*id*. at p. 900), and therefore the amended charge asserting disability discrimination did not relate back to the original DFEH charge. (*Id*. at pp. 899–900.) In the instant case, the factual allegations of Rios's original DFEH charge, i.e., that Flores was envious of Rios's pension, cannot reasonably support a

12

claim of discrimination or harassment on the basis of "gender expression and gender identity as a bisexual woman." Therefore, the untimely amended DFEH charge asserting such claims did not relate back to the original timely DFEH charge.

In sum, the trial court properly held that Rios's FEHA claim, as pled in the SAC, is barred by her failure to exhaust her administrative remedies.[4]

---

[4] It is an appellant's burden to show the trial court abused its discretion in denying leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *T.H.*, *supra*, 4 Cal.5th at p. 162.) Rios does not contend that leave to amend should have been granted because she is capable of amending her pleading to state a cause of action. Therefore, the issue of whether the trial court abused its discretion in denying leave to amend is not before us.

## DISPOSITION

The order of dismissal is affirmed.   The Regents shall recover their appellate costs.



**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



                                        EDMON, P. J.


We concur:



              EGERTON, J.



              DHANIDINA, J.