**Brent BEALS, Plaintiff–Appellant,**

v.

**KIEWIT PACIFIC COMPANY, INC., Defendant–Appellee.**

**Brent BEALS, Plaintiff–Appellant– Cross–Appellee,**

v.

**KIEWIT PACIFIC COMPANY, INC., Defendant–Appellee– Cross–Appellant.**

**Nos. 95–16689, 95–16844.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1997.

Decided June 4, 1997.

Lunsford Dole Phillips, Honolulu, HI, for plaintiff–appellant–cross–appellee Brent Beals.

Charles W. Gall and Nathan Yoshimoto, Kobayashi, Sugita & Goda, Honolulu, HI, for defendant–appellee–cross–appellant Kiewit Pacific Company, Inc.

Before: NORRIS, HALL, and TASHIMA, Circuit Judges.

NORRIS, Circuit Judge.

Brent Beals sued his former employer, Kiewit Pacific Company, and won a jury verdict on his state law claims for breach of contract and negligent misrepresentation. We affirm on the negligent misrepresentation claim but reverse on the breach of contract claim on the ground that the contract claim is preempted.

I

Brent Beals was working full-time as a concrete pump operator for Merli Concrete Company in Southern California when Stuart Stephens of Kiewit Pacific Company (Kiewit) offered him a job as a concrete pumper on Kiewit's Honolulu airport project. Stephens informed Beals that the airport project would entail an "enormous" amount of overtime and that it would last at least two years. Stephens then faxed Beals a "move letter" that described Beals' position as a forklift/pump operator, agreed to employ Beals for the duration of the project, and promised to pay Beals a weekly subsistence allowance and moving expenses in addition to his hourly wage. The move letter stated that similar terms were offered only to a few select individuals and requested that Beals keep the terms confidential. Beals signed the move letter on February 13, 1991.

At the time that Beals signed the move letter, Kiewit already had a collective bargaining agreement (CBA) with Operating Engineers Local Union No. 3 (Local 3) that covered the position of forklift/pump operator. The CBA permitted Kiewit to discharge employees for reduction in force and "just cause." The CBA also provided an hourly wage schedule that was lower than the hourly wage promised in Beals' move letter. Kiewit, however, assured Beals that it would adhere to the terms of the move letter regardless of the CBA, and Kiewit continued to pay Beals his wages and subsistence according to the terms of the move letter.

After five weeks at Kiewit, Beals was assigned to a steel worker's job instead of a forklift/pump operator position. Beals was terminated on July 26, 1991, five months after he had been hired. In terminating

Beals, Kiewit complied with the requirements of the CBA.

Beals filed suit against Kiewit alleging breach of contract, fraudulent and negligent misrepresentation, tortious breach of contract, and two violations of the California Labor Code. The district court twice denied Kiewit's motions for summary judgment on the ground that Beals' claims were not preempted by federal labor law. DC 3/20/92, 11/4/92 Opns. The district court reasoned that Beals' claims fell outside the CBA because they involved an individual employment contract negotiated before Beals arrived in Hawaii and before he became a member of Local 3, and because Beals' claims did not substantially depend upon an interpretation of the terms of the CBA. DC 3/20/92 Opn at 9–10; DC 11/4/92 Opn at 3–4. The district court also granted Kiewit summary judgment on the tortious breach of contract claim. DC 6/28/93 Opn.

The jury returned a verdict for Beals on his claims of breach of contract as to duration of employment, and negligent misrepresentation as to duration and nature of employment, awarding Beals $93,019 and $121,734, respectively. Kiewit filed a motion to amend the judgment on the ground that it was duplicative, and the district court granted the motion by forcing Beals to choose one of the two awards. DC 5/17/94 Opn.

Beals appeals the district court's order granting Kiewit's motion to amend the judgment and its order granting summary judgment in favor of Kiewit on the tortious breach of contract claim. Kiewit cross-appeals the district court's denial of summary judgment on the preemption issue.

## II

■ Section 301 of the Labor Management Relations Act (LMRA) preempts state law claims that are based directly on rights created by a collective bargaining agreement as well as claims that are substantially dependent on an interpretation of a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 2430–31, 96 L.Ed.2d 318 (1987). Kiewit ar-

gues that Beals' breach of contract and negligent misrepresentation claims are preempted by § 301 because resolution of those claims requires an interpretation of the terms of the CBA. Kiewit also argues that the breach of contract claim is preempted because the move letter on which it is based is superseded by the CBA. Beals responds that neither the breach of contract nor the negligent misrepresentation claim requires an interpretation of the terms of the CBA because those terms are not disputed.

### A

■ Kiewit is correct that the move letter is superseded by the CBA because any "independent agreement of employment [concerning a job position covered by the CBA] could be effective only as part of the collective bargaining agreement." *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1474 (9th Cir.1984); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987); *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir.1987). Moreover, "[t]o the extent that the [independent agreement] is inconsistent with the provisions of the collection [sic] bargaining agreement, the bargaining agreement controls." *Olguin*, 740 F.2d at 1474. Since the parties do not dispute that the position Beals was hired to fill—that of forklift/pump operator—was covered by the CBA, the CBA controls and any claims seeking to enforce the terms of the move letter are preempted.

The district court relied on *Caterpillar*, 482 U.S. at 386, 107 S.Ct. at 2426, to hold that Beals' move letter was independent of the CBA. DC 3/20/92 Opn at 8–9. *Caterpillar* does state that "individual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law." *Caterpillar*, 482 U.S. at 396, 107 S.Ct. at 2431. However, *Caterpillar* makes this statement in the context of addressing an individual employment contract negotiated for a position *not* covered by the CBA, at a time when the employee was *not* covered by the CBA. *Id.* at 388–89; *see Young*, 830 F.2d at 998–99 (distinguishing *Caterpillar* because *Caterpil-*

*lar* involved breach of contract claim concerning job not governed by CBA); *Stallcop,* 820 F.2d at 1048–49 (same). Thus, *Caterpillar* does not apply to exempt Beals' breach of contract claim from § 301 preemption.[1]

**B**

Whether Beals' negligent misrepresentation claim is also preempted by § 301 depends on whether resolution of that claim would require an interpretation of the terms of the CBA. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 411, 108 S.Ct. 1877, 1882, 1884, 100 L.Ed.2d 410 (1988). To prove negligent misrepresentation under Hawaii law, Beals must show that (1) Kiewit failed to exercise reasonable care in communicating false information to Beals; and (2) Beals justifiably relied on that information. *See Bronster v. United States Steel Corp.,* 82 Hawai'i 32, 919 P.2d 294, 304 (1996). Kiewit argues that the second prong requires an interpretation of the terms of the CBA because whether Beals' reliance was justifiable depends on whether Beals should have known that the CBA permitted Kiewit to terminate him at any time for lack of work. We disagree. Beals does not contest that he could have been discharged for lack of work under the CBA. Indeed, Kiewit concedes that its right to terminate Beals at any time under the CBA is "undisputed." *See* Defendant's Reply Br. at 1. Thus, the question whether Beals knew about the provisions of the CBA would not require a court to construe any terms in the CBA because no relevant provisions are disputed. Since none of the terms of the CBA relevant to Beals' negligent misrepresentation claim is subject to conflicting meanings, resolution of that claim will not contravene the policy behind § 301 preemption "to ensure uniform interpretation of collective-bargaining agreements," *Lingle,* 486 U.S. at 404, 108 S.Ct. at 1880. Therefore, Beals' negligent misrepresentations claim is not preempted by § 301.

Although Kiewit does not cite these cases, we note that *Bale v. General Tel. Co.,* 795 F.2d 775 (9th Cir.1986), *Stallcop,* 820 F.2d at 1044, and *Young,* 830 F.2d at 993, do not dictate a contrary result. *Bale* held that the plaintiffs' negligent misrepresentation claims were preempted because resolution of the claims would require the plaintiffs to show that the terms of their collective bargaining agreement differed significantly from the terms of their individual employment contracts. Without further elaboration on the facts, *Bale* reasoned that the negligent misrepresentation claims were therefore substantially dependent upon an analysis of the terms of the collective bargaining agreement. *Bale,* 795 F.2d at 780. *Stallcop* and *Young* merely cited *Bale* without additional analysis. We can only conclude from *Bale*'s cursory treatment of the issue that the misrepresentation claims in *Bale,* as well as those in *Stallcop* and *Young,* involved disputed terms of a labor contract. In contrast, Beals and Kiewit do not dispute the meaning of any of the relevant provisions of the CBA, so comparison of the terms of the CBA to Kiewit's oral representations does not require an interpretation of the terms of the CBA.

**CONCLUSION**

Accordingly, the judgment is REVERSED to the extent that it awards $93,019 to Beals on his breach of contract claim and AFFIRMED to the extent it awards Beals $121,734 on his negligent misrepresentation claim. Each side shall bear his or its own costs on appeal.

---

1. For the same reason that Beals' breach of contract claim is preempted, his tortious breach of contract claim is also preempted. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (state tort claim preempted where resolution of claim implicates implied good faith provision of labor contract). Therefore, we need not address whether *Parnar*

*v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625 (1982), prohibits such a cause of action. Moreover, since we hold that Beals' breach of contract claim is preempted, we need not address whether the damages awarded on the breach of contract claim are duplicative of the damages for the negligent misrepresentation claim.