**David L. GRANT, Plaintiff–Appellant,**

v.

**McDONNELL DOUGLAS CORPORATION, Defendant–Appellee.**

No. 97–55351.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1998.

Decided Dec. 30, 1998.

Michael P. Calof, Woodland Hills, California, for the plaintiff-appellant.

Bryan H. Baumeister, Seal Beach, California, for the defendant-appellee.

Before: GOODWIN, BOOCHEVER, and TASHIMA, Circuit Judges.

GOODWIN, Circuit Judge:

David Grant appeals the summary judgment granted to Defendant McDonnell Douglas Corporation on the ground that his wrongful termination claim was time-barred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Grant was employed by McDonnell Douglas from 1979 to 1995. During the latter part of his employment, Grant suffered from chronic attendance problems, and his employment was terminated in 1992 for being absent without official leave. After this termination, Grant's union successfully negotiated his reinstatement, without back pay. However, Grant's attendance problems persisted after his return to work, and he subsequently received several written warnings related to unexcused absences. Grant was again terminated in November, 1995, for excessive absenteeism.

Grant sued McDonnell Douglas in Orange County Superior Court, alleging wrongful termination, breach of contract, and breach of the implied covenant of good faith and fair dealing. Because this action directly concerned the collective bargaining agreement applicable to his terms of employment, McDonnell Douglas removed the case to federal district court under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Beals v. Kiewit Pacific Co.*, 114 F.3d 892, 894 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1036, 140 L.Ed.2d 102 (1998).

After removal, and early in the pleading stage, before substantial discovery could be accomplished, the district court ordered McDonnell Douglas to file its motion for summary judgment and for Grant to file his response, if any. McDonnell Douglas moved for summary judgment on several grounds, relying first upon the expiration of the statute of limitations applicable to a Section 301 claim. In response, Grant argued that the limitations period should be tolled because of his alleged mental incapacity. Grant did not, however, file a motion for additional time to conduct further discovery.

The district court granted McDonnell Douglas' summary judgment motion, citing two alternative grounds. First, the court found that Grant's case was time-barred by the six-month statute of limitations applicable to Section 301 claims. Unless equitable tolling is allowed to overcome the time bar, a

matter that has not yet been decided by this court, Grant's claim clearly was time-barred.

The trial court then stated that even assuming that this circuit recognized an equitable tolling exception for mental incapacity, Grant had offered insufficient evidence of any recognizable mental disability that would justify failure to file within the statutory time, and therefore had not raised an issue of material fact.

Alternatively, the court held that Grant had failed to offer any evidence with respect to an essential element of his Section 301 claim, and therefore summary judgment was also appropriate on the merits. Because we must affirm the district court on its ruling on statute of limitations, we do not reach, and will not comment on the merits of Grant's complaint.

■ A Section 301 claim is governed by a six-month statute of limitations. *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Allen v. United Food and Commercial Workers Int'l Union*, 43 F.3d 424, 426 (9th Cir.1994). The limitations period begins to run when a Plaintiff receives a letter from the Union notifying her that it will pursue her claim no further. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1049 (9th Cir. 1987).

■ It is undisputed that Grant failed to file his claim against McDonnell Douglas within the six-month limitations period applicable to a Section 301 action. Grant nonetheless contends that the trial court erred in not allowing, apparently on its own motion, further discovery so that counsel could show what kind of mental incapacity kept his client from pursuing his claim after the union notified him that it could do nothing further for him. In support of his claim, Grant's only offer of proof was a letter from a child psychologist stating only that Grant's (undefined) condition interfered with his ability to pursue his legal claim.

This court has not previously been required to decide whether "mental incapacity" would be an appropriate basis for tolling the statute of limitations for a Section 301 claim. We recognize that some courts have allowed equitable tolling of the limitations period for other federal claims, but only in exceptional circumstances, such as institutionalization or adjudged mental incompetence of the litigant. *See, e.g., Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267–68 (10th Cir.1996) (noting that the few courts that recognize an exception for mental incapacity have severely limited its application); *Lopez v. Citibank, N.A.* 808 F.2d 905, 907 (1st Cir.1987) ("[W]e believe a federal court should assume that the mental illness is not of a sort that makes it equitable to toll the statute-at least absent a strong reason for believing the contrary.").

Assuming arguendo that equitable tolling could apply, we need not reach in this case the full dimensions of the evidentiary showing necessary to justify equitable tolling in a Section 301 claim. The letter offered by Grant presents no explanation for his failure to pursue his claim within the prescribed limitations period, and is too hypothetical and speculative to justify an exercise in obiter by this court.

On the record before us, we have no basis for holding that the trial court abused its discretion in moving the case along and, in the absence of a timely request for further discovery, in holding, without further delay, that the claim was time-barred.

AFFIRMED.