Pete GUINAN, PlaintiffAppellant,

v.

**DEAN FOODS OF OF CALIFORNIA, INC., a Delaware Corporation, Defendant—Appellee.**

No. 00–55297.

D.C. No. CV–99–08164–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided June 19, 2001.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

## MEMORANDUM *

Pete Guinan appeals the district court's order dismissing his complaint against Dean Foods of California, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's dismissal de novo. *See Radici v. Associated Ins. Co.s,* 217 F.3d 737, 740 (9th Cir.2000). We affirm the judgment as to Counts Two, Three and Five and vacate the judgment with respect to Counts One and Four.

### I

Guinan's claims under the California Unfair Competition Statute and the California Labor Code (Counts Two and Three) both relate to whether he was properly required to work "off-the-clock." He contends that some wage claims are independent of the collective bargaining agreement, *see, e.g., Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102 (9th Cir.2000), but his claim is quite different from *Balcorta* where only the timing of receipt of, not entitlement to, wages was at issue. Here, as the district court concluded, what constitutes compensatory work is "substantially dependent on an interpretation of [the] collective bargaining agreement." *Beals v. Kiewit Pacific Co.,* 114 F.3d 892, 894 (9th Cir.1997) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Therefore, these claims are preempted by § 301 of the Labor Management Relations Act and were properly dismissed.

Guinan's claim for intentional infliction of emotional distress, which refers to working off the clock, loading procedures, and delivery schedules, likewise requires interpretation of the collective bargaining agreement. To prove a claim for intentional infliction of emotional distress, Guinan must show that Dean Foods's "conduct was outrageous, extremely unreasonable, or in some way inappropriate." *Miller v. AT & T Network Sys.,* 850 F.2d 543, 550 (9th Cir.1988). "Actions that the collective bargaining agreement permits might be deemed reasonable in virtue of the fact the CBA permits them." *Id.* Nothing that Guinan avers is the sort of extremely outrageous conduct (such as violence or abuse) that can arguably be determined without reference to the CBA. For this reason, Count III is preempted under § 301 as well.

### II

We agree with the district court that most of the bases upon which Guinan asserts that he was wrongfully terminated for making complaints about his employer's violations of law (set out in Counts I and IV) are preempted by the NLRA under *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). As the CBA provides that Dean Foods may not require or encourage its drivers to violate traffic or safety rules, all of the complaints that he allegedly made (except arguably for two of them) were about protected rights and are therefore *Garmon* preempted. *NLRB v. City Disposal Sys. Inc.,* 465 U.S. 822, 829, 104 S.Ct. 1505, 79 L.Ed.2d 839 (1984); *Garcia v. NLRB,* 785 F.2d 807, 810 (9th Cir.1986); *Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1350 (9th Cir.1984); *see also Vincent v. Trend Western Technical Corp.,* 828 F.2d 563 (9th Cir.1987) (recognizing rule but finding it inapplicable to complaint that does not arise of CBA). Guinan, in fact, presented these same claims to the NLRB, although he withdrew them before the district court ruled. Nevertheless, exclusive jurisdiction over these

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claims belongs in the NLRB, and no exception for local interest appears. However, we cannot say from the pleadings alone that Guinan's complaints about milk being deposited on the highways and about milk not always being protected from contamination arose out of the CBA. Rather, they may be like the employee's actions in *Vincent,* merely reporting or complaining about allegedly illegal activities of the employer having nothing to do with working conditions. If these two complaints do not involve working conditions, then the NLRB would not have exclusive jurisdiction. Accordingly, we must reverse for the record to be developed more fully as to them.

■ Relying on *Hayden v. Reickerd,* 957 F.2d 1506 (9th Cir.1991), Guinan argues that the district court should have remanded both his wrongful termination and whistleblower retaliation claims to state court. However, in *Hayden, Garmon* preemption was the only basis for federal removal jurisdiction; *Garmon* preemption is not a proper basis for removal and does not alone create a federal question. In this case, removal jurisdiction was premised (correctly) on § 301 preemption which does raise a federal question. The district court could have declined to exercise supplemental jurisdiction once it dismissed Guinan's § 301 claims, but did not have to. *See* 28 U.S.C. § 1367(c); *Executive Software North America, Inc. v. United States District Court,* 24 F.3d 1545 (9th Cir.1994). It still has discretion to do so with respect to those aspects of Counts I and IV on which we reverse.

Each party shall bear its own costs.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.