# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 05-1982

—————

| | | |
|---|---|---|
| Elvin E. Carroll, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| National Postal Mail Handlers Union; | * | |
| International Union of North America, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

—————

Submitted: March 30, 2006
Filed: March 31, 2006

—————

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

—————

PER CURIAM.

Elvin Carroll appeals the district court's[1] Fed. R. Civ. P. 12(b)(6) dismissal of his suit against his union for discrimination and failure to represent him. We affirm.

Carroll does not dispute that his suit was filed after the relevant limitations periods had run, and we agree with the district court that the circumstances Carroll identified did not provide a basis for equitable tolling or equitable estoppel. See

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005) (equitable tolling applies when plaintiff "despite all due diligence, is unable to obtain vital information bearing on the existence of his claim"; equitable estoppel tolls limitations period when employee knows of claim, but employer affirmatively and actively takes action that causes employee not to timely file suit); see also Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995) (equitable estoppel may be invoked where plaintiff is lulled or tricked into letting filing deadline pass because of employer misconduct above and beyond wrongdoing upon which plaintiff's claim is founded); Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (recognizing that some courts have allowed equitable tolling of limitations period based on mental illness for some federal claims, but only in exceptional circumstances, such as institutionalization or adjudged mental incompetence of litigant).

Accordingly, we affirm.

_____