**Nabil GHEITH, Plaintiff–Appellant,**

v.

**Frances J. HARVEY, Secretary of the Army, Defendant–Appellee.**

No. 05–16470.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2007.*

Filed June 14, 2007.

Kelly A. Woodruff, Esq., Farella Braun & Martel, LLP, San Francisco, CA, for Plaintiff–Appellant.

---

Nabil Gheith, Pacific Grove, CA, pro se.

Katherine B. Dowling, AUS, Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

MEMORANDUM **

Nabil Gheith, a former professor at the Defense Language Institute, appeals pro se from the district court's summary judgment dismissing his employment discrimination action under Title VII of the Civil Rights Act for failure to exhaust his administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Johnson v. Henderson,* 314 F.3d 409, 413–14 (9th Cir.2002), we affirm.

The district court properly granted summary judgment because it is undisputed that Gheith neither appealed the Army's final agency decision within 30 days nor filed an action in district court within 90 days. *See* 29 C.F.R. § 1614.402 (specifying time limits for appeals to the Equal Employment Opportunity Commission); 29 C.F.R. § 1614.407 (specifying time limits for filing civil action).

Because Gheith failed to demonstrate mental or physical incapacity or other exceptional circumstances, the district court properly determined that he was not entitled to equitable tolling. *See Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1138 (9th Cir.1998). The district court also properly noted that Gheith's ability to pursue his remedies during the alleged period of incapacity undermined his claim of incapacity. *Cf. Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999) (stating that equitable tolling is proper where "overwhelming evidence" demonstrates that complainant was completely disabled during the limitations period).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.