

FILED

NOT FOR PUBLICATION

APR 07 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAREN KRUSHWITZ,

Plaintiff - Appellant,

v.

UNIVERSITY OF CALIFORNIA,
at Berkeley,

Defendant - Appellee.

No. 12-17580

D.C. No. 3:11-cv-04676-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted March 17, 2015
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District
Judge.[**]

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for the Eastern District of Wisconsin, sitting by designation.

Karen Krushwitz, a former graduate student and teaching assistant, appeals from the district court's grant of summary judgment in favor of her former university, U.C. Berkeley. Krushwitz alleges that U.C. Berkeley discriminated against her and failed to accommodate her disability, and brings claims under Title VII, Titles I & II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act.[1] We affirm.

First, Krushwitz's contention that the grant of summary judgment must be reversed because the district court procedurally erred is not persuasive. It is true that "[a] moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A district court, however, has authority to request supplemental briefing under Rule 56, and determining the relevant dates did not require the district court to weigh evidence or assess credibility. Krushwitz, moreover, did not object to providing additional information to the court.

Krushwitz's employment discrimination claims are brought under Title VII and Title I of the ADA. She did not file a timely discrimination charge with the

---

[1] Although Krushwitz was pro se in the district court, she was ably represented on appeal by a counsel appointed through the Ninth Circuit's Pro Bono Program; we thank counsel for his service.

EEOC, required as a precondition for filing suit under these provisions. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1). Nor was there a triable issue of fact as to whether Krushwitz's disability equitably tolled the limitations periods. This is not one of those "exceptional circumstances, such as institutionalization or adjudged mental incompetence of the litigant," under which equitable tolling is appropriate. *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998); *see also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

We turn next to the student discrimination claims, brought under Title II of the ADA and Section 504 of the Rehabilitation Act. The district court correctly determined and applied the relevant limitations period for the Title II claim. *See Sharkey v. O'Neal*, __ F.3d __, 2015 WL 525488 (9th Cir. Feb. 10, 2015) (holding that a three year limitations period applies). Even if we assume that a three year limitations period applies to the Section 504 claim, Krushwitz's claims are still time-barred. We are not persuaded that the untimely EEOC filing tolled the statute of limitations for the student claims. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 466 (1975).

**AFFIRMED**.